PETROPLUS, JUDGE:
This case was submitted upon Petition, Answer and Stipulation between the parties, setting forth the following undisputed facts:
On April 19, 1968, while the Respondent was operating a 1960 Ford Dump Truck on Riverside Drive, Route 52, in Welch, West Virginia, the outside section of the rim of the left rear *170 wheel of the Respondent’s vehicle broke off and struck the side of the automobile of Sarah G. Romans while the vehicles were passing each other, thereby causing damage to the Romans’ automobile in the agreed amount of $168.83.
The Answer of the Respondent denies any negligence but does admit that the Claimant’s automobile was damaged as heretofore stated. The Answer further asserts a defense that this claim should not be allowed in equity and in good conscience because the real party in interest has been reimbursed by the Claimant for any and all damages incurred, and that the subrogee who has filed the claim should not be allowed to recover against the State as a matter of public policy.
It is the opinion of the Court that in the absence of any evidence that the flying object which struck the Claimant’s car was an unavoidable accident or a latent defect in the construction of the wheel that would not be apparent by an ordinary inspection, the Court must infer that the State owned vehicle had a loose or broken rim which could have been discovered by proper inspection and maintenance of the vehicle. A failure to maintain and keep the vehicle in repair constitutes negligence and the resulting damage from broken parts is a foreseeable consequence. From the Stipulation, we infer negligence of the West Virginia Department of Highways in the maintenance of its truck, and the damage to the Claimant was the proximate and foreseeable result of said negligence.
We cannot agree with the contention of the State that a subrogation claim has no standing in this Court. The subrogee under the Insurance Policy has the same right of recovery as the insured and is entitled to the same relief, in the absence of some provision in the Statute conferring jurisdiction upon the Court of Claims which would deny the subrogee the remedy afforded to the insured. It is accordingly the opinion of the Court that this is a claim which in equity and in good conscience should be paid even though the real party in interest has been reimbursed.
Having found that the Respondent in the exercise of reasonable care could have avoided the damage to the Claimant, we are of the opinion to allow the claim.
Claim allowed in the amount of $168.83.