HANLON, JUDGE:
On or about January 15,1989, claimant, Wanita Sommerville, formally complained to respondent about a recurring problem of tar and gravel splashing against her house from a nearby hole in State Route 19, in Clarksburg. Not only did this claimant call respondent, she also visited their District Office in Clarksburg. Claimant identified to the Court both the name of the individual she complained to, and the date and time of such discussion. Respondent, while not maintaining a log or record of such discussions, testified that such conversations "probably occurred.: Although respondent's work records indicate that the hole was repaired with "cold patch" on the 3rd and 17th of January, 1989, such temporary repairs were not effective, and the section of road surface adjoining claimant's house was eventually repaved to remedy the problem. Prior to the repaving however, claimant's house was damaged by the tar and gravel splash, which produced dents and black scars to the aluminum siding of the house. Repair of the described damage cost $265.00. Claimant filed this invoice for repair with her home owners insurance, *111 State Farm Fire and Casualty. The insurance company paid $165.00 of this claim, while claimant requests the return of her $100.00 expenditure, and the insurance company, a co-claimant in this action requests the return of its $165.00 expenditure. These enumerated amounts have been stipulated to respondent. This Court must decide whether these amounts are recoverable by claimant (s), as a result of negligence on the part of respondent in failing properly to maintain the road adjoining claimant's house.
Respondent avers that it did not commit any act of negligence which proximately caused the damage complained of. Respondent further argues that the damage was the result of intervening and superseding causes, not directly attributable to any act or omission on its part. Essentially, respondent believes the damage was an act of nature, for which it should not be held responsible. This Court believes otherwise.
While these is no evidence that respondent placed the cold patch in a negligent manner, it was certainly foreseeable that it would be a short-lived solution. Respondent had both constructive and actual knowledge of the hole in the road surface that was producing the splash on claimant's house. The respondent knew or should have known that as the cold patch deteriorated over the course of the winter its components would add to the problem. The Court is of the opinion that respondent breached its duty of reasonable care and diligence in repairing this hole and, therefore, respondent is liable for the damage to claimant's house.
This Court is of the opinion to and does award to claimant Wanita Sommerville, the amount of $100.00. This award represents .the reimbursement of her out-of-pocket expense of the deductible assessed by her insurer. Although co-claimant is a subrogee under her homeowners policy, and this Court has previously permitted subrogation claims, we believe that such a practice can no longer be permitted in equity and good conscience.
In State Farm Mutual Automobile Insurance Company, Assignee to the rights of Sarah G. Romans, its assured, Claimant v. West Virginia Department of Highways, 8 Ct.Cl. 169 (1970), this Court recognized that a subrogee may have the same right of recovery as the insured, "absent some provision of the Statute conferring jurisdiction upon the Court which would deny the subrogee the remedy afforded to the insured/" It is the position of this Court in reinterpreting West Virginia Code §14-2-13(1), that "claims and demands....which the state as a sovereign commonwealth should in equity and good conscience discharge and pay," mandates that claims which may permit unjust enrichment be disallowed. Subrogation, as defined in Michie's Jurisprudence, Section 2 at page 3, "is purely an equitable right, and being an equity, it is subject to the rules governing equities." Equity does not embrace, nor allow unjust enrichment. Premiums are paid by the insureds for insurance, and, when claims are paid, the accumulated premiums or reserves are used to cover such expenditures. If no claims are made, the premiums are never expended. This is a risk assumed by an insurance company for a valuable consideration, and there is no reason the company should escape the risk. In any event, it is the opinion of the Court that neither equity nor good conscience requires the State to reimburse an insurance carrier for having paid a claim for which it received a premium, a premium which is designed to allow *112 a reasonable profit to the insurer. The claim of the subrogee is accordingly disallowed and an award is made to the insured in the amount of her deductible which is $100.00.
Award of $100.00 to Wanita Sommerville.