PER CURIAM:
Claimant brings this action to recover damages to her 1993 Buick Regal, which occurred on June 17, 1996, on Interstate 77 near Belle, when her vehicle encountered an exposed expansion joint which destroyed her right front tire. The Court finds the respondent was negligent in its oversight of a highway paving contractor, and makes an award in the amount of $26.18 as more fully explained below.
The incident giving rise to this claim occurred while claimant and her husband were proceeding northbound on 1-77 past the Westmoreland exit. It was approximately 6:45 a.m., and the weather was clear. Claimant’s husband was driving, and they were on their way to work. At the hearing, the claimant testified they were traveling in the right lane at about 50 miles an hour and slowed to approximately 35-40 miles an hour as they approached a construction área and a sign *13 indicating “Bump.”
The evidence adduced at hearing indicates that at the time of this incident, West Virginia Paving of Dunbar, a contractor of the respondent, was engaged in milling work and had removed the top layer of pavement. The claimant testified that as a result of this surface removal, the edge of the expansion joint was exposed and punctured a tire. Claimant testified she had a $250.00 insurance deductible and that she had to purchase two replacement tires at a documented cost with tax of $56.18 each. She testified that the tire that was destroyed had approximately 30,000 miles on it, with another 20,000 to 30,000 miles of tread wear still remaining.
The only evidence introduced at hearing by the respondent was testimony by Stephen Knight, respondent’s interstate expressway maintenance supervisor, that the milling and repaving work was under contract to West Virginia Paving of Dunbar.
This Court has previously held that the respondent cannot be held liable for the negligent conduct of one of its contractors. Paul vs. Department of Highways, 14 Ct. Cl. 479 (1983); Harper vs. Department of Highways, 13 Ct. Cl. 274 (1980); Safeco Insurance Co. vs. Department of Highways, 9 Ct. Cl. 28 (1971). The underlying foundation for these cases is the custom and practice whereby independent contractors routinely agree to hold harmless or to indemnify the respondent State agency for any claim that arises during the course of, and resulting from the performance of the contract.
The Court, after reviewing the evidence, has determined that there was no evidence of such a hold harmless or other indemnity agreement was introduced at the hearing. It is the opinion of the Court that the respondent has a duty to ensure that independent contractors complete their work in such a manner that travelers will not be put in a position of unreasonable danger. Mere testimony that an independent contractor was working on a particular section of road or highway, without more, is not enough to relieve the respondent of its duty to take reasonable steps to prevent foreseeable harm to travelers on roads under its control. Accordingly this Court is of the opinion to and does make an award in the amount of $26.18 to the claimant, representing the cost of the replacement tire reduced to the approximate value of the tire based upon the tread left on the old tire.
Award of $26.18.