PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her vehicle struck a hole in the pavement of U.S. 60 while she was traveling outside of Montgomery, near Cedar Grove in Kanawha County. The highway in question is maintained by respondent in Kanawha County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on April 17, 1994, at approximately 9:45 p.m. On the night in question, claimant was traveling from Montgomery, near West Virginia University Institute of Technology, to Charleston in her 1993 Dodge Daytona. As claimant proceeded at a speed of about forty miles per hour, he r v ehicle suddenly struck a hole located near the double-yellow line delineating the center of the road. The impact with the defect in the road caused the vehicle’s left front tire to burst and damaged the tire on the other side. After the incident, a policeman arrived at the scene and informed claimant of an Exxon station in the vicinity. Claimant then drove her vehicle to the Exxon station where an attendant replaced the damaged tire with the spare tire. The resulting damage to *164 claimant’s vehicle was in the amount of $318.74. Claimant has a deductible feature of $250.00 in her motor vehicle insurance policy coverage which would limit any recovery to that amount. See Sommerville, et al. vs. Div. of Highways, 18 Ct. Cl. 110 (1991).
Respondent did not produce any witness or other evidence in this claim, but agreed to submit the claim upon testimony taken on the 10th day of October, 1997. This claim had been scheduled on several occasions prior to the 23rd day of March, 2000, when claimant was able to appear. She agreed to submit the claim to the Court for determination on that date.
The well established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant claim, claimant failed to establish that respondent had knowledge of the hole on the road between Montgomery and Charleston. Consequently, there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.