PER CURIAM:
Claimants brought this action for vehicle damage sustained when their vehicle struck debris as claimant Norma L. Combs was traveling southbound on 1-79 near the town of Jane Lew at mile marker 106.[1] 1-79 is a road maintained by respondent in Harrison County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on September 18, 1999, at approximately 10:00 a.m. On the morning in question, claimant Norma L. Combs and a friend, Carolyn Brooke, were proceeding southbound from Clarksburg. They were in the right lane of 1-79 in claimants’ 1998 Chrysler Concorde LXI traveling at a speed of about fifty-five miles per hour. As Mrs. Combs proceeded along the road near mile marker 106 in Jane Lew, she maneuvered the vehicle into the passing lane to pass another vehicle. After passing the vehicle, Mrs. Combs observed a binder ratchet tie down and other tractor trailer debris on the road surface of the passing lane. Mrs. Combs tried to swerve the vehicle around the debris, but during the process, the vehicle struck the debris. The impact with the debris caused the *176 vehicle’s front tire to burst, punctured portions of the plastic cover underneath the vehicle, and punctured the gas tank. Afterwards, one of respondent’s courtesy patrolmen stopped to assist Mrs. Combs in changing the vehicle’s tire and cleared the debris from the road surface. While claimants sustained a loss in the amount of $1,295.03, they have a deductible feature of $500.00 in their motor vehicle insurance policy and any recovery would be limited to this amount. Sommerville, et al. vs. Div. of Highways, 18 Ct. Cl. 110 (1991).
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). The unexplained presence of debris on the road surface, without a positive showing of negligence on the part of the respondent, is insufficient to justify an award. Salmen vs. Div. of Highways (CC-97-365), unpublished opinion issued December 1, 1998.
In this present claim, the evidence adduced at the April 20, 2000 hearing failed to establish that respondent had notice of a hazardous condition on 1-79 in Harrison County. While the Court is of the opinion that claimants’ vehicle struck debris on the road surface of 1-79, that fact alone is insufficient to establish negligence on the part of respondent. Consequently, there is insufficient evidence of negligence upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.

 At the April 20,2000, hearing the Court amended the style of the claim to reflect the fact that both Mr. and Mrs. Combs are owners of the vehicle.