PER CURIAM:
Claimant brought this action for vehicle damage sustained when her vehicle struck a tree while traveling on Route 45/8, locally known as Boyd Orchard Road, in *177 Martinsburg. Route 45/8 is a road maintained by respondent in Berkeley County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on July 27, 1999, at approximately 5:10 a.m. At dawn on the morning in question, claimant was traveling on Route 45/8 in her 1997 Ford Aerostar van, which had a rack on the top. She was driving at a speed of about fifteen to twenty miles per hour with the aid of the vehicle’s headlights. At this location, Route 45/8 is a secondary gravel road. As Ms. Elsea took her usual route on this road delivering newspapers, she approached an area with trees on the side of the road. Suddenly, her vehicle was struck by a limb hanging above the roadway from a tree on the side of the road, cracking the windshield and breaking the rack on top of the vehicle. While claimant sustained a loss in the amount of $1,060.80, she has a deductible feature of $200.00 in her motor vehicle insurance policy and any recovery would be limited to that amount. Summerville, et al. vs. Division of Highways, 18 Ct. Cl. 110 (1991).
The position of respondent was that it did not have notice of the condition of this particular tree on Route 45/8 in Berkeley County. However, according to respondent’s daily records, respondent’s employees were at the location in question on two occasions prior to claimant’s incident. On July 24, 1999, respondent’s employees were on Route 45/8 regarding tree problems and later on July 26, 1999, respondent’s employees were mowing brush along the road.
The Court has held in prior claims that when the evidence establishes that respondent does not have notice of a hazard, such as a leaning tree, and a reasonable opportunity to remove it, respondent will not be held liable. Jones v. Division of Highways, 21 Ct. Cl. 445 (1995).
In this present claim, the evidence adduced at the April 20, 2000, hearing established that respondent had at least constructive notice of the that this tree posed a hazard to the traveling public. The photographic evidence adduced by claimant established that the tree in question was in fact dead: Respondent’s employees were at the location on two prior occasions and should have been aware of the hazard posed by the tree. Consequently, there is sufficient evidence of negligence upon which to base an award.
In accordance with the findings of facts and conclusions of law stated herein above, the Court is of the opinion to make an award in this claim.
Award of $200.00.