PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of her vehicle striking a hole while her son and a friend were traveling in the center westbound lane of 1-64, near the Montrose exit, in South Charleston. This portion of 1-64 is a road maintained by respondent in Kanawha County. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on May 5, 1996, at approximately 9:00 p.m. On the cloudy night in question, claimant’s son, Alberto B. Fernandez and a friend, Christina Newman, were proceeding toward West Virginia State College from a trip to Norfolk, Virginia, in claimant’s four door 1994 Toyota Corolla. As Mr. Fernandez drove the vehicle at a speed of about sixty miles per hour along 1-64 with the aid of the vehicle’s headlights, it suddenly struck a hole that covered a third of the center travel lane, near the Montrose exit. As the vehicle approached the Dunbar exit, Mr. Fernandez began to have difficulty driving the vehicle and he stopped to inspect the vehicle. The encounter with the hole burst the vehicle’s left front tire and broke the wheel rim. The following day, Mr. Fernandez had the tire and wheel rim replaced. In addition, the vehicle required realignment. Claimant sustained a total loss in the amount of $320.41, however, claimant’s motor vehicle insurance policy has a deductible feature of $200.00 and any recovery would be limited to that amount. Sommerville, et al. vs. Div. of Highways, 18 Ct. Cl. 110 (1991).
The position of respondent was that it was not on notice of the hole in the center westbound travel lane of 1-64 in South Charleston, Kanawha County. According to the daily log entries of transportation crew supervisor II Stephen Wayne Knight, once respondent received notice of the hole later in the night, it went immediately to the scene to patch the hole with cold mix asphalt until the following day when the lane could be closed down and the hole repaired with hot mix asphalt. Respondent had no prior notice of the hole.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
*179 In the present claim, the evidence adduced at the March 23, 2000, hearing does not establish that respondent had notice of the condition in the center westbound travel lane of 1-64, Kanawha County. The evidence presented by claimant failed to establish that respondent did not take reasonable steps to ensure the safety of motorists on 1-64. Consequently, there is insufficient evidence of negligence upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.