PER CURIAM:
Claimant brought this action for vehicle damage sustained when her vehicle struck a low manhole when she was traveling north on Routes 15 and 20, locally known as Main Street, in Webster Springs. Routes 15 and 20 are maintained by respondent in Webster County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on June 9, 2000, at approximately 10:00 to 10:30 p.m. On the night in question, Ms. Linkous, her daughter, grand-daughter, and two friends were returning from playing bingo at the local firehouse. She was driving north on Routes 15 and 20 in her 1992 Dodge Dynasty at a speed of less than twenty-five miles per hour as she had just passed through a traffic light at an intersection. Ms. Linkous testified that she frequently travels this portion of road and was aware of a low manhole in the road. At this location, Routes 15 and 20 are a straight, narrow, two lane asphalt road with double yellow 1 ines in dicating t he c enter o f t he r oad s urface. T he w idth o f t he r oad is twenty-four feet, which includes parallel parking spaces on the west side of the road. A four inch curb is located on the east side of the road. A traffic light is located directly south of the location in question, where Routes 15 and 20 combine into one road. In the travel portion of the north lane, a round manhole is located about five feet five inches from the second yellow line and two feet from the curb on the north side of the road. Ms. Linkous testified that the depth of the manhole from the road surface was about eight inches. As Ms. Linkous drove her vehicle through the traffic light, an oncoming flatbed truck came into her lane of travel forcing her to veer her vehicle to the right whereupon it went into the manhole. Both passenger side tires struck the hole. The impact burst the passenger side tires, bent the rims and damaged the transmission. The damage exceeded the $100.00 deductible feature in her motor vehicle insurance policy. In accordance with the Court’s decision in Summerville et al. vs. Division of Highways, any recovery would be limited to the amount of her deductible feature. See Id., 18 Ct. Cl. 110 (1991).
*227 The position of respondent is that it did not have notice of the low manhole on Route 15 and 20 in Webster County. According to Highway Administrator Jimmy Collins, respondent had conducted a paving project on this portion of road and that manholes in the area had not been raised to pavement level. Mr. Collins further testified that he was unaware of the manhole that claimant’s vehicle struck.[1] Prior to this time, respondent asserts that it did not have notice of any problems with the level of manholes on the road surface.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the present claim, the evidence established that respondent had constructive notice, if not actual notice, of the low manhole on Routes 15 and 20 in Webster County. After completing its paving project, respondent was aware that structures in the road surface needed to be raised to pavement level. The Court is of the opinion that respondent should have been more diligent in its duties especially since the road is narrow and vehicles can be forced into the structures. Consequently, there is sufficient evidence of negligence on the part of respondent upon which claimant may recover her sustained loss.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award in this claim.
Award of $100.00.

 Respondent adduced eight photographs on September 26, 2000, as post hearing exhibits, which establish the existence and location of the manhole in question.