PER CURIAM:
Claimant brought this action for vehicle damage sustained when his vehicle struck a hole while he was traveling in the right lane of the eastbound lanes on 1-70 at *245 the Exit 5 bridge in Triadelphia. At this location, 1-70 is maintained by respondent in Ohio County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on March 23,2000, at approximately 7:30 a.m. Claimant was proceeding in the right lane of the two eastbound lanes of 1-70 at the east end of the Exit Three bridge. He was driving a leased 1999 Mazda Millennium and his wife was a passenger. Claimant was traveling from his residence in Columbus, Ohio, to Orange, Connecticut, a trip he makes about three times per year. He was driving at a speed of about fifty-five to sixty miles per hour. As he proceeded on 1-70, he noticed a gaping hole in the middle of the right lane of the Exit Three bridge as his vehicle was leaving the metal expansion joint. The hole was approximately two to three feet in diameter and was about six to seven inches deep. Claimant was unable to avoid having his vehicle strike the hole. The impact burst the front tire on the driver’s side and bent the rim. Afterwards, claimant maneuvered the vehicle to the edge of the interstate. He then flagged down one of respondent’s employees who had driven to the scene and he informed him of the hole and the incident. As a result of this incident, claimant’s vehicle sustained damage in excess of the $250.00 deductible feature in his motor vehicle insurance policy. In accordance with the Court’s decision in Summerville et al. vs. Division of Highways, any recovery would be limited to the amount of his deductible feature. See Id., 18 Ct. Cl. 110 (1991).
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive n otice o f the de feet a nd a r easonable t ime tot ake c orrective a ction. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In this claim, the evidence established that respondent had at least constructive, if not actual, knowledge of the defective condition on 1-70. The Court is of the opinion that the hole in the interstate constituted a hazardous condition and that respondent should have been more observant of problems on the interstate because of its high priority status. Consequently, there is sufficient evidence of negligence on the part of respondent by which claimant may recover his sustained loss.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award in this claim.
Award of $250.00.