PER CURIAM:
Claimants brought this action for vehicle damage sustained when their vehicle struck a hole when they were traveling northbound on U.S. Route 250 between Philippi and Belington. At this location, U.S. Route 250 is maintained by respondent in Barbour County. The Court is of the opinion to make an award in this claim for the reasons more lully set forth below.
The incident giving rise to this claim occurred on June 9, 1999, at approximately 7:00 p.m. Claimants were traveling northbound on U.S. Route 250, near the southeastern comer of the Barbour County fairgrounds, in their 1999 Buick Park Avenue at a speed of about fifty to fifty-five miles per hour. They were proceeding to their residence from the Elkins Hospital. Claimants travel this portion of road about once a month. They had traveled on the same stretch of road earlier in the day. Vehicle traffic was present in both directions on the road. At this location, U.S. Route 250 is a priority two lane road with double yellow lines indicating the center of the road surface and white lines indicating the edges of the pavement. The road is twenty-two feet wide. As Mr. Getz drove the vehicle in a turn in the road, he was confronted suddenly by a hole in the road surface. The hole was about fifteen inches into the travel portion of the road from the white line on the edge of the pavement. Mr. Getz testified that when he saw the hole, he did not have time to maneuver the vehicle around the hole and the passenger side of the vehicle struck the hole. Ms. Getz testified that after the incident, she walked back to the hole, placed her foot into the hole and observed the hole’s depth up to her ankle. The impact burst the front passenger side tire, bent the passenger side rims, burst the hydraulic brake hose and necessitated alignment of the vehicle. The sustained damage exceeded the deductible feature in the amount of $1,000.00 in claimants’ motor vehicle insurance policy. In accordance with the Court’s decision in Summerville, et al. vs. Division of Highways, any recovery would be limited to the amount of their deductible feature. See Id., 18 Ct. Cl. 110 (1991).
The position of respondent is that it did not have notice of the hole on U.S. Route 250 in Barbour County. According to Transportation Crew Supervisor II, George Michael Erwin, he inspected the scene a few days after the incident, but he was unable to locate the hole in question. Mr. Erwin testified that he was aware that heavy truck traffic caused problems along the berm of the road. These problems are patched and repaired continually.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. *252 Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive n otice of the de feet a nd a r easonable t ime t o t ake c orrective a ction. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In this claim, the evidence established that respondent had at least constructive if not actual knowledge of the hole on Route 250 in Barbour County. The Court is of the opinion that the condition of Route 250 constituted a hazardous condition and that respondent should have been more observant of problems on the road since this is a priority road subject to heavy truck traffic. Consequently, there is evidence of negligence on the part of respondent by which claimants may recover their loss.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award in this claim.
Award of $1,000.00.