PER CURIAM:
Claimants brought this action for vehicle damage when their vehicle struck a rock on the side of the road while claimant Pennie L. Jones was traveling on County Route 5, locally known as Falls Creek Road in Tornado. At this location, County Route 5 is maintained be respondent in Lincoln County. The Court is of the opinion to make an award for the reasons more fully stated below.
The incident giving rise to this claim occurred on September 24, 1999, at approximately 10:00 a.m. Claimant Pennie L. Jones was traveling on County Route 5 in her and her husband’s 1993 Chevrolet Astro Van at a speed of about twenty miles per hour. She was proceeding from her residence to her place of employment in S t. A lbans. A 11 his 1 ocation, C ounty R oute 5 is a t wo-lane a sphalt r oad w ith double yellow lines indicating the center of the road surface. The road has a width of about sixteen to eighteen feet. As she drove their vehicle on the road, she observed a rock about forty feet in front of the vehicle on the edge of the road. An oncoming large logging truck forced her to drive to the berm of the road where the rock was located. Claimant’s vehicle struck a rock that was on the edge of the road surface. Photographic evidence adduced by claimants established that the rock in question was embedded partially in the pavement. The impact burst both passenger side tires and bent the rims. The paint on the passenger side of the vehicle also sustained minor scratching and chipping. The sustained damage exceeded the deductible feature of $500.00 in claimants’ motor vehicle insurance policy. In accordance with the Court’s decision in Summerville et al. vs. Division of Highways, any recovery would *259 be limited to this amount. See Id., 18 Ct. Cl. 110 (1991). Afterwards, claimant Pennie L. Jones notified respondent of the incident.
The position of respondent is that it did not have notice of the rock on the berm of County Route 5 in Lincoln County. According to County Highway Administrator II, Larry P. Pauley, there are drainage problems in the area. In response, respondent placed large rocks in the ditch along the road. In 1998 or 1999, the road surface of County Route 5 w as resurfaced and widened. However, Mr. Pauley was unaware of how or when the rock in question was embedded partially into the edge of the pavement. He did acknowledge that the rock should not be where it is located, but should be in the ditch along the side of the road. Mr. Pauley further testified that he travels this road on a regular basis and observes the drains. During these trips on the road, he testified that he did not observe the rock embedded on the edge of the road surface. Respondent asserts that it had no prior information regarding the rock in question.
. The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive n otice o f t he de feet a nd a r easonable t ime t o take corrective a ction. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). Moreover, respondent has a duty to ensure that an independent contractor completes a project in such a manner that travelers will not be put into a position of unreasonable danger. See Tolley vs. Division of Highways, 22 Ct. Cl. 12 (1997) and Acree vs. Division of Highways, 22 Ct. Cl. 137 (1998).
In the present claim, the Court is of the opinion that respondent had actual knowledge of the rock on the edge of pavement on County Route 5 in Lincoln County. The rock in question is an obvious hazard and respondent should have been aware of the rock on the edge of the pavement during the paving project in 1998 or 1999. During this project, the on-site project inspector for respondent had a duty to prevent such hazards from occurring. Consequently, there is evidence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award in this claim.
Award of $500.00.