PER CURIAM:
*264 Claimant brought this action for vehicle damage sustained when her vehicle struck a piece of concrete while she was traveling westbound on 1-64 between Nitro and Cross Lanes. At this location, 1-64 is maintained by respondent in Kanawha County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on September 30, 1999, at approximately 11:0 0 p .m. C laimant S tephanie Ga le S turm w as dr iving h er 1992 BMW 325 when she entered 1-64 at the Cross Lanes exit near a construction site with a break in the concrete barriers. She was traveling at a speed of about fifty-five miles per hour. Other traffic was present on the road. Claimant maneuvered her vehicle into the passing lane in order to pass a slower moving vehicle. Suddenly, she noticed a piece of concrete about twenty feet away from the vehicle in her lane of travel. The piece of concrete was positioned near a break in the wall near a construction site. The vehicle struck the piece of concrete, which had pieces of re-bar embedded into it. The impact burst all four tires and damaged the undercarriage of the vehicle. During an attempt to move the vehicle, the motor was damaged. Afterwards, claimant informed 911 of the incident, but she stated that there was no response. The sustained damage exceeded the $500.00 deductible feature in claimant’s motor vehicle insurance policy. In accordance with the Court’s decision in Summerville et al. vs. Division of Highways, any recovery would be limited to this amount. See Id., 18 Ct. Cl. 110(1991).
The position of respondent is that it did not have notice of the concrete on I-64 in Kanawha County. According to Crew Supervisor Michael Escue, a contractor for respondent was conducting a widening project at the location in question. Respondent was supposed to have a project observer at the construction site to supervise the work. Mr. Escue further testified that the breaks in the concrete barriers allow trucks ingress and egress in order to remove debris from the site. Prior to claimant’s incident, respondent asserts that it had no information regarding the road debris.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive n otice o f t he de feet a nd a r easonable t ime tot ake c orrective a ction. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). Moreover, respondent has a duty to ensure that an independent contractor completes a project in such a manner that travelers will not be put into a position of unreasonable danger. See Tolley vs. Division of Highways, 22 Ct. Cl. 12 (1997) and Acree vs. Division of Highways, 22 Ct. Cl. 137 (1998).
In this claim, the evidence established that respondent had constructive if not actual knowledge of the road debris on 1-64 in Kanawha County. The Court is of *265 the belief that the debris in question came from the nearby construction site. Respondent’s project observer had a duty to keep the site clear of hazards to the traveling public. Consequently, there is evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award in this claim.
Award of $500.00.