PER CURIAM:
Claimant brought this action for damage sustained to his residence when a tree branch from a tree on respondent’s right of way on W.Va. Route 37 fell onto his residence located in Ranger. At this location, W.Va. Route 37 is maintained b y respondentin Lincoln County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on August 19, 1999, at approximately 2:00 to 3:00 p.m. At this location, respondent has a sixty foot right of way. The right of way extends thirty feet from the center of the road surface. During a severe storm, a tree branch from a tree on respondent’s right of way on W.Va. Route 37 fell onto claimant’s residence. The tree in question was twenty feet from the center of the road surface. The impact put a hole in the roof, ripped off some of the overhang, ripped off some of the siding on the residence and damaged a meter base. The tree branch also damaged nearby power lines. The tree was adjacent to his residence about fifty-five to sixty feet from his residence and six feet from the paved portion of road. Prior to this incident, claimant’s son, Ronald Wiley, had contacted respondent regarding the tree in question. In the summer of 1997, Ronald Wiley had contacted respondent’s Administrative Assistant Christopher K. Sowards in Huntington regarding the tree. Mr. Sowards testified that he contacted County Highway Administrator II, Larry P. Pauley, to investigate the situation. Mr. Sowards did not travel to the location in question. The tree was confirmed to be on respondent’s right of way, but it was entangled in the power lines. Afterwards, Mr. Sowards informed Mr. Wiley that he had to contact the power company regarding removal of the tree. The sustained damage was in excess of claimant’s $1,000.00 *267 deductible feature in his homeowner insurance policy. In accordance with the Court’s decision in Summerville et al. vs. Division of Highways, any recovery would be limited to the amount of the deductible feature. See Id., 18 Ct. Cl. 110 (1991).
The position of respondent is that it did not have notice of the hazardous condition of the tree on W.Va. Route 37. According to Mr. Pauley, when he inspected the tree, it appeared to be alive. However, the tree was in the power line and he stated that respondent did not have the expertise to trim the tree. He did not believe that the tree was a hazard, and he did not contact the power company. Mr. Pauley further testified that the trees in the power lines should be allowed to fall, then the power company should be contacted in order to remedy the situation.
The Court has held in prior claims that when the evidence establishes that respondent has notice of a hazard, such as a tree, and a reasonable opportunity to remove it, respondent may be held liable. Jones v. Division of Highways, 21 Ct. Cl. 445 (1995).
In the present claim, the evidence established that respondent had actual knowledge of the hazardous condition of the tree in Lincoln County. Respondent should have taken affirmative action once it received notice of the tree rather than waiting for it to fall. Consequently, there is negligence on the part of respondent by which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award in this claim.
Award of $1,000.00.