PER CURIAM:
Claimant brought this action for vehicle damage sustained when their son-in-law was driving their vehicle and it struck a rock. He was traveling northbound on Route 10 between Cyclone and Davin. At this location, Route 10 is maintained by respondent in Wyoming County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on December 28, 1999, at approximately 6:30 to 7:00 p.m. Claimants’ son-in-law Wiley Russell Martin was operating their 2000 Dodge Neon at a speed of about forty-five to fifty miles per hour. Mr. Martin’s wife, Tammy Sue Martin, was seated in the front passenger seat. Claimant Lillie Mae Crouse and her son, Curtis Crouse, were seated in the back seats. No traffic was present on the road. At this location, Route 10 is a paved, two-lane road. The road is marked with double yellow lines indicating the center of the road surface and white lines indicating the edges of the road surface. Mr. Martin testified that he did not observe any “Falling Rock” signs on the road. As Mr. Martin was driving the vehicle through a turn and was coming out of the turn, he was confronted immediately by a large rock in the travel portion of the road. The rock was located about two feet from the white line on the edge of the road surface. Mr. Martin was unable to maneuver the vehicle around the rock and the vehicle struck the rock on the driver’s side of the vehicle. Afterwards, claimants’ son moved the rock off of the travel portion of the road. The impact with the rock broke the vehicle’s transmission and t he v ehicle h ad t o b e t owed t o a g arage f or r epairs. The s ustained da mage exceeded the deductible feature of $500.00 in claimants’ motor vehicle insurance policy. In accordance with the Court’s decision in Summerville, et al. vs. Division of Highways, any recovery would be limited to the amount of their deductible feature. See Id., 18 Ct. Cl. 110 (1991).
The position of respondent is that it did not have notice of a rock on Route 10 in Wyoming County. According to Assistant Supervisor James David Cox, the area is not posted as a rockfall area. Mr. Cox further testified that the area in question is not a known rockfall area, but there are a few rocks which fall each year. Prior to this incident, respondent had no records of a rockfall.
*275 The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). However, the Court has consistently held that the unexplained presence of a rock on a road surface is insufficient to justify an award. Mitchell vs. Division of Highways, 21 Ct. Cl. 91 (1996).
In this claim, the evidence failed to establish that respondent had not taken adequate m easures toa ssure t he s afety o f t he t raveling p ublic w hile t raveling o n Route 10 in Wyoming County. While the Court is sympathetic to claimants’ plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.