PER CURIAM:
Claimants brought this action for vehicle damage sustained when their vehicle struck a hole while claimant Paula McLean was traveling northbound on Route 20 in Nutter Fort. At this location, Route 20 is maintained by respondent in Harrison County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on November 17, 1999, at approximately 7:00 a.m. On the clear morning in question, claimant Paula McLean was traveling northbound on Route 20 in Nutter Fort in claimants’ 1997 Ford Escort at a speed of about twenty-five to thirty-five miles per hour. She was driving her father to the Veterans Administration Hospital in Clarksburg. At this location, Route 20 is a two-lane asphalt road, with a width of twenty-two feet, eleven inches and a speed limit of thirty-five miles per hour. The center of the road surface is indicated by double yellow lines and white lines indicate the edges of the pavement. The width of the northbound lane is ten feet seven inches from the inside yellow line to the white line. The southern side of Route 20 is a hillside, locally known as Johnson’s Hill. As Ms. McLean was driving the vehicle along the edge of the road she *291 inadvertently drove the vehicle onto the berm and into a deep hole. The hole was approximately five feet long, two to three feet wide, and eight inches deep. While there was moderate traffic on the road, Ms. McLean was not forced onto the edge of the road by oncoming traffic. She testified that she did not observe any warning signs on the road about the condition of the berm and she was not aware of the hole before the vehicle struck it. As a result of this incident, claimants’ vehicle sustained damage in excess of the deductible feature of $250.00 in claimants’ motor vehicle insurance policy. In accordance with the Court’s decision in Summerville, et al. vs. Division of Highways, any recovery would be limited to the amount of their deductible feature. See Id., 18 Ct. Cl. 110 (1991).
The position of respondent was that it did not have notice of the hole on Route 20 in Harrison County. According to Investigator for the Legal Division, Paul Lister, this portion of Route 20 is a problem area because water from the hillside saturates the road and heavy truck traffic travels on the edge of the road, creating holes on the edge of the travel portion of the road. Since Ms. McLean’s incident, measures have been taken to remedy this situation.
This C ourt h as b een very c onsistent in r egard t o b erm c laims. W hen a motorist uses the berm of the road in a non-emergency situation, that motorist takes the berm as the motorist finds it. Sweda vs. Department of Highways, 13 Ct. Cl. 249 (1980).
In the present claim, respondent had provided Ms. McLean a good roadway for travel. Ms. McLean elected to travel on the edge of the road surface. The hole in question w as o utside o f t he t ravel p ortion o f t he r oad a nd M s. McLean was n ot forced onto the berm area. While the Court is sympathetic to claimants’ plight, the fact remains that there is insufficient evidence of negligence on the part of part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.