PER CURIAM:
Claimant brought this action for vehicle damage sustained when her vehicle struck a low berm while she was traveling westbound on County Route 24, locally known as Pisgah road, in Princeton. At this location, County Route 24 is maintained by respondent in Mercer County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on July 4, 2000, at approximately 5:00 to 6:00 p.m. Claimant was traveling westbound on County Route 24 in her 1995 Pontiac Grand Am at a speed of about thirty-five to forty miles per hour. No other traffic was present on the road. She travels this portion of road on a regular basis and was last on the road earlier in the day. At this location, County Route 24 is a two-lane road with double yellow lines indicating the center of the road surface and white lines indicating the edge of the pavement. The road is nineteen feet wide. This portion of road is straight and level although it is in between two curves. The edge of the pavement is about eight inches higher than the berm area. As claimant was driving in this straight stretch, she veered off the road and her vehicle went into the low berm area. The impact burst the tire, bent the rim and damaged the undercarriage of the vehicle. The sustained damage exceeded the deductible feature of $500.00 in her motor vehicle insurance policy. In accordance with the Court’s decision in Summerville et al. vs. Division of Highways, any recovery would be limited to the amount of her deductible feature. See Id., 18 Ct. Cl. 110 (1991).
The position of respondent is that it did not have notice of the low berm on County Route 24 in Mercer County. According to Crew Leader Supervisor Melvin Blankenship, there was a drop-off from the edge of the road that proceeds into a ditch. Respondent had conducted a paving project ón this road in June 2000. Respondent then tried to build up the berm area of the road after the paving project. However, Mr. Blankenship testified that there was no way to build up the benn area because the ditch line within respondent’s thirty foot right of way must abut against the paved portion of the road in order to accommodate the residents in the area who have driveways with drains beneath them. Mr. Blankenship further testified that the problem would remain unless the private landowners with property adjacent to the road chose to do something about it.
*300 This C ourt h as b een v ery c onsistent in r egard t o b erm c laims. W hen a motorist uses the berm of the road in a non-emergency situation, that motorist takes the berm as the motorist finds it. Sweda vs. Department of Highways, 13 Ct. Cl. 249 (1980).
In the p resent claim, the evidence established that respondent had actual knowledge of the low berm on County Route 24 in Mercer County. The Court is of the opinion that the low berm area constituted a hazardous condition to the traveling public. Notwithstanding this finding of negligence on the part of respondent, the Court is also of the opinion that claimant was negligent in the operation her vehicle. In a comparative negligence jurisdiction such as West Virginia, the negligence of a claimant can reduce or bar recovery of a claim. Therefore, the Court finds that the negligence of claimant was equal to or greater than the negligence on the part of respondent. Consequently, the negligence of claimant is a complete bar to recovery in this claim.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.