PER CURIAM:
This claim was submitted for decision based upon the allegations in the Notice of Claim and respondent's Answer.
Claimant brought this action for damage to his 2002 Dodge Stratus. The incident occurred on Route 85 near the town of Bigson, Boone County, when claimant’s vehicle stock a large hole on the edge of the road. This portion of road is maintained by respondent in Boone County. The Court is of the opinion to make an award for the reasons stated more fully below.
The incident giving rise to this claim occurred on June 6,2002, at approximately 10:00 a.m. Claimant’s wife, Andrea McNeely, was proceeding north on Route 85 at a speed of about forty-five miles per hour. The speed limit at this location is fifty miles per hour. Mrs. McNeely testified that she was on her way to pick her husband up when the vehicle struck a large hole. Claimant’s wife was familiar with the road and testified that she traveled it almost daily. She also stated that she did not see the hole before her *5 vehicle hit it due to the rain and it was dark. She testified that she could not have avoided this hole since it was in the travel portion of her lane and there was a large truck traveling in the opposite lane. This road is divided by double yellow lines with white lines on the edges. Claimant arrived at the scene after the incident happened, at which time he had his car towed due to two wheels being damaged. Claimant testified that he went back to the location of the hole the next day and took measurements. On June 11,2002, claimant took photos of the hole. He stated that the width of the hole measured approximately fifteen and one half inches from the white edge line into the road and it measured about thirty-three inches in length. Claimant measured the depth of the hole at approximately six and a half inches. As a result of this incident, claimant’s vehicle sustained damage to two wheels in the amount of $1,033.08. Claimant submitted repair bills for the damages; however, he had insurance coverage with a $500.00 deductible, which constitutes the limit of any recovery in this action. In accordance with the Court’s decision in Summerville et al. vs. Division of Highways, any recovery would be limited to the amount of his deductible feature. See Id., 18 Ct. Cl. 110 (1991).
It is the claimant’s position that the respondent knew or should have known of this hole on Route 85 and made the needed repairs.
Respondent did not offer any evidence to rebut claimant’s allegations about the conditions existing on Route 85.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In this claim, the evidence established that respondent had at least constructive, if not actual, knowledge of the defective condition on Route 85 in Boone County. The Court is of the opinion that the location and size of the hole in Route 85 establishes that respondent should have known about the defect and should have repaired it or placed warning signs prior to claimant’s incident. Consequently, there is sufficient evidence of negligence on the part of respondent by which claimant may recover his sustained loss.
Accordingly, the Court is of the opinion to and does make an award in this claim.
Award of $500.00.