PER CURIAM:
Claimant brought this action for damage to his vehicle which occurred when he was traveling on County Route 41 near Quinnimont in Fayette County and the vehicle struck numerous large rocks in the travel portion of the road. Respondent was responsible at all times herein for the maintenance of County Route 41 in Fayette County. The Court is of the opinion to deny this claim for the reasons set forth below.
The incident giving rise to this claim occurred on March 26, 2002, at *121 approximately 10:30p.m. Claimant was driving his 1991 Toyota truck on County Route 41 towards Quinnimont. He was traveling with a passenger. It was dark and raining outside. The road was wet which concerned the claimant. He travels this portion of County Route 41 regularly and he is familiar with it. According to claimant, the posted speed limit varies from forty to forty-five miles per hour along this portion of road. He stated that the last time he traveled this portion of road was approximately two weeks prior to this incident. He stated that there are frequent rock falls along the portion of County Route 41 at issue. County Route 41 at this location is a two-lane, asphalt road with a double yellow center line and white lines along the edges. Adjacent to the lane of travel on which claimant was traveling, there is a steep, rocky mountainside. There is a small berm from two feet to six feet in width between the road and the mountain and this berm varies in width depending upon the location. As claimant was approaching a sharp curve in the road, he saw a man walking along the side of the road trying to warn claimant as to an emergency around the curve. Unknown to claimant at the time, there was a large rock fall in the road. Claimant testified that he was able to slow his vehicle to approximately thirty miles per hour to prepare for an emergency when suddenly he observed numerous rocks in both lanes of the road. He stated that he was unable to stop his vehicle in time and it slid into the rocks causing significant damage to the front of the vehicle. He stated that the rocks had fallen off the mountainside and were blocking both lanes of travel. He also stated that a few of the rocks were three to four feet in diameter, but most were smaller. Claimant testified that there is a “falling rock” warning sign approximately one mile prior to the location of this incident. Claimant submitted an estimate for the damage to the front of his truck in the amount of $793.59. The front fender, grill, bumper, and frame were damaged. However, claimant has comprehensive insurance coverage to cover this loss with a deductible feature of $250.00. Thus, claimant is limited to recover $250.00. See; Sommerville v. State Farm Fire and Casualty v. Division of Highways, 18 Ct. Cl. 110 (1991).
Claimant asserts that respondent knew or should have known that this was a high risk area for rock falls and yet failed to take timely and adequate measures to remedy this hazardous situation.
It is respondent’s position that it acted diligently and took reasonable measures to warn and protect the traveling public from the hazards of rock falls at this location.
Delbert Hypes, Equipment Operator Three for respondent in Fayette County at the time of this incident, is responsible for operating heavy equipment such as graders, bulldozers, and end loaders. He is familiar with County Route 41 and with the location at issue. Mr. Hypes testified that this is a known rock fall location and that there are approximately two rock falls at this location every month. According to Mr. Hypes, respondent has “falling rock” warning signs at Mile Post 4 for southbound traffic and Mile Post 1.9 for northbound traffic thereby providing traffic from both directions falling rock warning signs prior to reaching tire location at issue. He testified that he and his crew were notified at approximately 11:00 p.m. on the night of this incident that there was a rock fall. In response to the call, respondent sent a crew to remove the rocks and debris from the road as soon as possible that night. Further, he testified that prior to this call at 11:00 p.m, his office did not have any notice or complaints about a rock fall at this location. In addition, Mr. Hypes stated that it would not be feasible for respondent to erect a screen or a wall to prevent the rocks from reaching the highway. According to Mr. Hypes, there is too much area to cover because there is no method to determine where rock slides will occur. Further, he stated that it may be feasible for respondent to treat the area to keep the rocks from falling, but he stated that it would cost “a lot of *122 money”. Finally, Mr. Hypes testified that respondent has not had anyone available to remove the rocks or take any steps to prevent any future rock falls.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va. 1947). In order to hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). The general rule that this Court has adopted is that the unexplained falling of a rock onto a road, without an affirmative showing of negligence on the part of the respondent, is insufficient evidence upon which to justify an award. Coburn v. Dept. of Highways, 16 Ct. Cl. 68 (1985). In the rare decisions where the Court has found the respondent liable for rock fall damages, the Court found that the remedial steps taken by respondent were either inadequate or nonexistent in response to known rock fall hazards. Fiete v. Division of Highways, 22 Ct. Cl. 139 (1999).
In the present claim, the evidence established that respondent had placed warning signs to warn motorists of the potential rock fall hazard. The evidence further established that respondent was not notified about this particular rock fall until after the incident, and that it sent its employees to remove the rocks within a reasonable amount of time. The Court is of the opinion that claimant failed to establish sufficient evidence that respondent was negligent in maintaining the road at this location.
Therefore, in view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.