PER CURIAM:
Claimant brought tins action for damage to Ms 1994 Ford Ranger pickup truck wMch occurred when he was traveling on County Route 97 near Pineville in Wyoming County, and his vehicle struck a large tree or tree stump which had fallen onto the road. Respondent was responsible at all times herein for the maintenance of County Route 97. The Com! is of the opinion to deny tMs claim for the reasons set forth more folly below.
There is some doubt as to the exact date on wMch the incident giving rise to tMs claim occurred. However, claimant stated on Ms claim form that the date was May 7, 2003, and at the hearing of this matter he testified that it was either on May 7, 2003, or “close to it.” On the day at issue, claimant was traveling from Ms home in Glover to Pineville, Wyoming County. It was between 10:00 p.m. and 10:30 p.m. Claimant is familiar with the road and travels it often. Claimant testified that he was traveling between forty-five and fifty miles per hour and he was approximately one hundred yards from Ms home, when suddenly and without warning, a large tree or free stump fell from the bank adjacent to his travel lane. His vehicle was approximately tMee or four feet from the tree when he first observed it. He applied the brakes whereupon his vehicle slid and struck the tree with enough force to knock the tree or tree stump to the opposite side of the road. The impact caused sigmficant damage to Ms vehicle. Fortunately, claimant was not injured and he was able to drive home. He called the police and respondent who arrived at the scene of the incident approximately twenty or tMrty minutes later. Claimant described the object Ms veMcle struck as a tree or a large tree stump. He stated that it was approximately four feet in diameter and that it was originally located just a few feet up the hillside on the side of the road. Further, he stated that the tree was “about half alive and half dead”. In addition, he stated that he had never noticed tMs particular tree prior to this incident. He stated that the tree was not hanging over the road or was anytMng that would have gained Ms attention. Claimant introduced an estimate into evidence at the hearing in the amount of $ 1,789.97. However, he also testified that he had comprehensive insurance coverage that would have covered tMs loss at the time of the incident with a deductible feature of $1,000.00. Thus, claimant is limited to a *133 recovery in the amount of his insurance deductible feature. See Sommerville/State Farm Fire and Casualty v. Division of Highways, 18 Ct. Cl. 110 (1991).
Claimant contends that respondent knew or should have known that this tree presented a hazard to the traveling public and that it failed to take the proper remedial action which was the proximate cause of the damage to his vehicle
Respondent did not present any witnesses or evidence at the hearing of this matter.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va.1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the hazard at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl 8 (1985). This Court has held that respondent is liable for dangerous trees or tree limbs on its property or right of ways. The general rule this Court has adopted is that if a tree is dead and poses an apparent risk, then respondent may be held liable. Wiles v. Division of Highways, 22 Ct. Cl. 170 (1999).
In the present claim, the Court is of the opinion that claimant failed to establish that respondent had actual or constructive notice that this particular tree or tree stump presented a risk to the traveling public. Claimant admitted that he had not noticed the tree before this incident. Further, he was not sure as to whether this was a tree or a tree stump, and he stated that it appeared to be partially dead and partially alive. Claimant presented no evidence that respondent had any prior complaints regarding this tree.
Thus, there being no basis for a finding negligence on the part of respondent, the Court is of the opinion to and does deny tins claim.
Claim disallowed.