PER CURIAM:
Claimant brought this action for damage to her vehicle which occurred when she was traveling on County Route 50/9 in Smithburg, Doddridge County, and the vehicle struck a large hole in the road. Respondent was responsible at all times herein for the maintenance of County Route 50/9 in Doddridge County. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
The incident giving rise to this claim occurred on May 21, 2002, at approximately 4:30 p.m. Claimant was traveling in her 2002 Buick Park Avenue on County Route 50/9, also referred to as Herbert Avenue, to her home in Smithburg, Doddridge County. County Route 50/9 is a one and one-half lane, dead-end, asphalt road. It is an unmarked low priority road and is approximately twelve-feet wide. Claimant’s home is located adjacent to County Route 50/9 and it is approximately three-fourths of a mile from the junction of County Route 50/9 with the main highway. According to claimant, there are ten homes located on this road and many residents park their vehicles in the lane of travel adj acent to their homes. Thus, the traveling public has use of only one lane. On the evening of this incident, claimant was proceeding on County Route 50/9 at approximately twenty miles per hour when suddenly the vehicle struck a large hole in the road. Claimant described hearing a loud “crunching noise”. She stopped the vehicle and noticed that one of her tires was flat. Claimant discovered that the vehicle also had a cracked wheel as a result of the impact. Claimant testified that she travels this road approximately five days per week and at least twice a day. She stated that she is very familiar with the location of the hole which her vehicle struck since she passes it every time she travels the road. According to claimant, she usually avoids the hole by straddling it with the vehicle or by driving around it. However, she did not do so on this occasion despite the fact that there was no oncoming traffic at the time this incident occurred. Claimant also stated that she reported this same hole to respondent a number of months prior to this incident, and respondent filled the hole with rocks which was only a temporary repair. Claimant testified that the hole reappeared and was present *138 for a significant period of time between the time respondent repaired it and the date of this incident. However, she is not sure if she reported it to respondent during this time period. Claimant submitted a repair bill into evidence in the amount of $520.57 for the cost of a new wheel. However, claimant has insurance coverage which covers this loss with a deductible feature in the amount of $500.00. Thus, claimant is limited to a recovery, in any, in the amount of her insurance deductible. See Sommerville/State Farm Fire and Casualty, 18 Ct. Cl. 110 (1991).
Claimant asserts that respondent had notice of the hole on County Route 50/9 and that it presented a hazardous condition to the traveling public.
It is respondent’s position that this road was a low priority dead-end road and that it maintained it as best it could under the circumstances. F urtber, respondent contends that claimant was aware of the hole and failed to use reasonable care to avoid it.
Larry Williams, Assistant Supervisor for respondent in Doddridge County, is responsible for the maintenance of the roads in Doddridge County including County Route 50/9. Mr. Williams testified that County Route 50/9 is a low priority route with a low volume of traffic and it is a dead-end road. He testified that it is maintained with tar and chip and is patched occasionally. He stated that respondent tries to patch low priority roads two or three times a year, but he is not certain that this road was patched that often. Further, he testified that the problem with this particular hole is that most vehicles are forced to drive along tire edge of the road where this hole is located in order to maneuver around the vehicles parked in the road adjacent to the local residences, and this has contributed to the deterioration of the road.
The well established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Prittv. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that the hole in the road on County Route 50/9 at the location of this incident constituted a hazardous condition to the traveling public. The evidence also established that the respondent had at least constructive, if not actual, notice of this condition and a reasonable amount of time to take corrective action. However, the Court is also of the opinion that claimant knew about the hole on County Route 50/9 and she could have avoided the defect. She traveled the road twice a day at least five days a week, and at all other times she was able to avoid striking the hole with her vehicle. However, on this particular occasion claimant failed to avoid striking the hole with her vehicle despite the fact there was no oncoming traffic or an emergency. Thus, the Court is of the opinion that claimant failed to act as a reasonably prudent driver would act under the circumstances, and further, that claimant’s negligence in this claim is equal to or greater than the respondent’s. Therefore, based upon the principle of comparative negligence no award is granted to the claimant in this claim. See Bradley v. Appalachian Power Company, 163 W.Va. 332, 256 S.E.2d 879 (1979).
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.